**KASOWITZ BENSON TORRES LLP**
JOHN V. BERLINSKI (SBN 208537)
jberlinski@kasowitz.com
DANIEL A. SAUNDERS (SBN 161051)
dsaunders@kasowitz.com
CANDACE FRAZIER (SBN 282358)
cfrazier@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901

*Attorneys for Plaintiff and Counter-Defendant Genting Malaysia Berhad*

**GIBSON, DUNN & CRUTCHER LLP**
SCOTT A. EDELMAN (SBN 116927)
sedlman@gibsondunn.com
ANDREW M. ROACH (SBN 293375)
aroach@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

*Attorneys for Defendants and Counter-Plaintiffs, Fox Entertainment Group LLC, Twentieth Century Fox Film Corp., and FoxNext, LLC, and Defendant Twenty-First Century Fox, Inc.*
(*Additional counsel on next page.*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GENTING MALAYSIA BERHAD, a Malaysia corporation,<br><br>Plaintiff<br><br>vs.<br><br>FOX ENTERTAINMENT GROUP, LLC, a Delaware corporation, *et al.*,<br><br>Defendant | Case No. 2:18-cv-9866-FMO-JPR<br><br>**JOINT REPORT PURSUANT TO F.R.C.P. Rule 26**<br><br>Date of Scheduling Conference: March 21, 2019 |

**WILLIAMS & CONNOLLY LLP**
JOSEPH M. TERRY
jterry@wc.com
CARL R. METZ
cmetz@wc.com
NICHOLAS G. GAMSE
ngamse@wc.com
KATHERINE MORAN MEEKS
kmeeks@wc.com
LAUREN A. HOWARD
lhoward@wc.com
725 Twelfth Street, N.W.
Washington, D.C. 2005-5901
Telephone: (202) 434-5000
Facsimile: (310) 434-5029

*Attorneys for Defendants and Counter-Plaintiffs, Fox Entertainment Group LLC, Twentieth Century Fox Film Corp., and FoxNext, LLC, and Defendant Twenty-First Century Fox, Inc.*

**IRELL & MANELLA LLP**
STEVEN A. MARENBERG (SBN 101033)
smarenberg@irell.com
VICTOR JIH (SBN 186515)
vjih@irell.com
MICHAEL D. HARBOUR (SBN 298185)
mharbour@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

1  Telephone: (310) 277-1010
2  Facsimile: (310) 203-7199

3  *Attorneys for Defendant The Walt Disney*
4  *Company*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff and Counter-Defendant Genting Malaysia Berhad ("GENM") and Defendants and Counter-Plaintiffs Fox Entertainment Group, LLC ("FEG"), Twentieth Century Fox Film Corporation ("TCFFC"), and FoxNext, LLC ("FoxNext"), and Defendant Twenty-First Century Fox, Inc. ("21CF") (collectively, "Fox"), and The Walt Disney Company ("Disney") (together with Fox and GENM, the "Parties"), hereby submit this Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. Rule 26(f), the Local Rules of this Court, and this Court's Order Setting Scheduling Conference [Docket #36] dated January 23, 2019.

## I.   STATEMENT OF THE CASE

### A.   GENM's Statement of the Case

On or about June 1, 2013, GENM—a Malaysian company that develops, operates, and markets casinos and integrated resorts—entered into a Memorandum of Agreement ("MOA") with FEG[1] that permitted GENM to license Fox's intellectual property for use in the construction of the world's first Fox-branded theme park ("Fox World" or the "Park"). The MOA set forth "Key Milestone" deadlines for the Park's development and opening, certain of which were extended in two amendments to the MOA as a result of delays caused by FEG's unreasonable exercise of its approval rights.[2] When FEG's further unreasonable delays necessitated another extension to certain of the Key Milestone deadlines, however, FEG—rather than extending the Key Milestone deadlines as required under the

---

[1] FEG was previously known as Fox Entertainment Group, Inc., including at the time the parties entered into the MOA, and/or is the successor in interest to that entity. References to "FEG" herein thus include both legal forms of Fox Entertainment Group ("LLC" and "Inc."), as applicable. As FEG entered into the MOA "as Administrator" for TCFFC, and as FoxNext is the Fox division currently overseeing Fox World, references to "FEG" shall thus hereinafter include TCFFC and FoxNext.

[2] The MOA, as amended, is referred to herein as the "Agreement."

MOA—sent GENM a purported Notice of Default leading to the termination the Agreement.

GENM alleges that, through abuse of its approval rights and other improper behavior, FEG caused significant delays in the development and construction of the Park that prevented GENM from meeting the Key Milestone deadlines. GENM alleges that FEG breached the Agreement by, among other things, refusing to extend the Key Milestone deadlines in connection with Fox's delays and improperly issuing a purported Notice of Default and terminating the Agreement. GENM also alleges that FEG breached the implied covenant of good faith and fair dealing by, among other things, failing to provide GENM with the level of support and information typically provided by the licensor of a branded theme park of Fox World's size and scale and abusing its discretion in the approvals process. In addition, GENM alleges that Disney and 21CF intentionally interfered with and induced breach of the Agreement by improperly directing FEG to terminate the Agreement. Finally, GENM seeks a declaration that it has not breached the Agreement and that FEG therefore had no right to terminate it and has no right to any termination fees.

### B. Fox's Statement of the Case

FEG and 21CF deny GENM's allegations and assert, among other defenses, that FEG's termination was proper and that GENM's claims are barred by its own breach of contract. Contrary to the assertions in GENM's complaint, the missed Key Milestone deadlines owed entirely to GENM's mismanagement of the Park. These missed deadlines, along with GENM's failure to deliver a theme park of the promised "first-class, world-class" quality, form the basis for FEG's counterclaim for breach of contract. As alleged in the counterclaim, GENM repeatedly began constructing rides and attractions before it had secured required approval from FEG, or before it had even completed a design at all. Additionally, GENM made material changes to approved designs and began building those designs without seeking FEG's approval or otherwise not in conformity with planned designs. This cavalier

approach required GENM to tear down or retrofit numerous structures, causing delays and contributing to persistent quality problems at the Park. Additionally, FEG alleges that GENM failed to provide the type of professional project management necessary to develop a theme park of Fox World's size and complexity on time and on budget. In addition to its claim for breach of contract, FEG counterclaims that GENM violated its duty of good faith and fair dealing by misleading FEG about the progress of the Park, excluding FEG personnel from meetings, and flagrantly disregarding FEG's contractual approval rights.

### C. Disney's Statement of the Case

Disney unequivocally denies the allegations of the Complaint that it improperly directed FEG to terminate GENM's MOA with FEG or otherwise interfered in any contractual relationship between GENM and FEG. Disney affirmatively states that FEG's decision to terminate the MOA was made by FEG independently and without any input from Disney.

## II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiff and Counter-Defendant GENM is a Malaysian corporation with its principal place of business in Malaysia. Defendant and Counter-Plaintiff FEG is a Delaware corporation with its principal place of business in California. Defendant and Counter-Plaintiff TCFFC is a Delaware corporation with its principal place of business in California. Defendant and Counter-Plaintiff FoxNext is a Delaware corporation with its principal place of business in California. Defendant 21CF is a Delaware corporation with its principal place of business in California. Defendant Disney is a Delaware corporation with its principal place of business in California.

**III.  LEGAL ISSUES**

GENM and Fox each allege that the other party breached the Agreement. GENM, on the one hand, and 21CF and Disney, on the other, dispute whether 21CF and Disney interfered with the Agreement.

**IV.  PARTIES, EVIDENCE, ETC.**

**A.  Parties**

The parties to this dispute are Plaintiff and Counterclaim Defendant Genting Malaysia Berhad; Defendants and Counterclaimants Fox Entertainment Group, LLC, Twentieth Century Fox Film Corporation, Twenty-First Century Fox, Inc., and FoxNext, LLC; and Defendant The Walt Disney Company.  The Court's Scheduling Order asks the parties to "identify all subsidiaries, parents and affiliates."  For each of the parties, this would be an extremely voluminous list.  Accordingly, the parties list below the publicly held companies that are their ultimate corporate parents.

**1.  GENM**

Genting Berhad, a publicly listed company incorporated in Malaysia, is the parent corporation of Genting Malaysia Berhad.

**2.  Fox**

Twenty-First Century Fox, Inc., a publicly held company, is the ultimate parent corporation of Fox Entertainment Group, LLC, Twentieth Century Fox Film Corporation, and FoxNext, LLC.

**3.  Disney**

Defendant The Walt Disney Company is a publicly held corporation.  There is no corporate parent of The Walt Disney Company.

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties agree to exchange (a) the name and, if known, address and telephone number of each individual known to have discoverable information that the disclosing party may use to support its claims or defenses, and (b) a computation of each category of damages claimed by the disclosing party, as well as documents supporting each category of damages

presently calculable without further fact or expert discovery, on or before April 8, 2019.  The parties will produce documents supporting their claims and defenses on a rolling basis in connection with their responses to requests for production.

## V. INSURANCE

GENM does not have insurance coverage for this litigation. Fox does not have insurance coverage for this litigation.  Disney is unaware of any policies of insurance providing coverage for the claims asserted in Genting's complaint.

## VI. MAGISTRATE JUDGE

The parties wish to have the District Court Judge preside over this action for all purposes other than those referred to the magistrate judge pursuant to the Court's Standing Order.

## VII. DISCOVERY

### A. Fact Discovery Completion Dates

The parties were unable to agree on the deadline for fact discovery, though the parties agree as to the schedule for the remaining case events.  The parties have set forth their competing proposed scheduling orders as Exhibit 1.  The principal area of disagreement is the period of time for the parties to complete their document production.

#### 1. GENM's Statement of Position

GENM expects document production in this case—centering around a theme park project nearly six years in the making, over 8000 miles from Los Angeles, and costing approximately $750 million—to be particularly complex.  Among other things, Fox has requested documents relating to every phase of the park's development, design, and construction, as well as the advertising and marketing of the park and GENM's finances. GENM therefore anticipates that document collection and production will be quite voluminous.  Furthermore, Fox inquired during the parties' meet and confer regarding GENM's control over documents in the possession of GENM's third-party vendors, contractors, and consultants.

GENM's analysis of the extent of its control over such parties, if any, is ongoing, but GENM anticipates potential disputes relating to these issues and/or potential complications relating to the collection of documents from any such third parties that are determined to be within GENM's control.  Finally, GENM expects production to be further complicated by, among other things, the privacy laws of Malaysia and other foreign jurisdictions as applicable, which impose significant criminal penalties for the unlawful transmission of personal information.  All of these factors will make a six-month deadline for document production—as proposed by Fox and Disney—untenable.  Therefore, GENM proposes that the deadline for completion of party document production be February 28, 2020, in order to provide sufficient time for collection and production of documents and resolve disputes over the scope of discovery.

### 2. Fox and Disney's Statement of Position

GENM proposes that the deadline for the completion of party document production be February 28, 2020—fifteen months after filing their complaint and one year after receiving Defendants' document requests.  GENM further proposes the parties not begin party depositions until that time, and that the parties not complete fact discovery until July 31, 2020.  Fox and Disney believe that GENM's proposed schedule is unreasonably leisurely and that the parties can complete document production in substantially less time.  Fox and Disney believe that the parties can complete document production, and thereafter begin party depositions, in six months.  Accordingly, Fox and Disney propose that the parties complete their document productions by September 2, 2019, and complete fact discovery by December 31, 2019—seven months faster than under GENM's schedule.

### B. Protocol for Electronically Stored Information.

The parties will confer regarding a mutually agreeable protocol for discovery of electronically stored information in connection with their initial discovery requests.  The parties will also confer regarding a protective order.

### C. Procedures for Resolving Disputes Regarding Claims of Privilege.

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation.

### D. Changes in Discovery Limitations.

The parties do not request any changes in the discovery limitations set forth in the FRCP.  However, in light of the complexity of the case, and the many relevant witnesses, the parties anticipate that they will stipulate that more than 10 party depositions will be taken by each party.  The parties will negotiate a more appropriate limit as discovery progresses.

### E. Proposed Expert Discovery Schedule.

The parties have agreed to the appropriate time for expert discovery, and propose the following dates and deadlines.  The schedule is also set forth in Exhibit 1.

- For any issue for which a given party bears the burden of proof, the deadline for such party to disclose the identities of expert witnesses the party may use at trial, and the deadline to file any written report from such expert witness, shall be 90 days after the close of fact discovery.
- Rebuttal expert reports shall be filed by 60 days after the service of initial expert reports.
- Reply expert reports shall be filed by 30 days after the service of rebuttal expert reports.
- The deadline for completion of expert depositions shall be 45 days after service of reply expert reports.

## VIII. MOTIONS

At this time, the parties do not anticipate any motions seeking to add other parties or claims, to file amended pleadings, or to transfer venue, but respectfully

reserve the right to seek amendment if deemed appropriate as discovery and litigation proceed.

## IX. CLASS CERTIFICATION

Not applicable.

## X. DISPOSITIVE MOTIONS

The parties believe that, at the close of discovery, dispositive motions will likely be appropriate. The parties propose that the deadline for filing dispositive motions shall be 45 days after the close of expert discovery. The parties propose that the deadline for dispositive motion oppositions shall be 45 days after the service of dispositive motions. The parties propose that the deadline for summary judgment replies shall be 30 days after service of the summary judgment oppositions. See Exhibit 1.

## XI. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have not engaged in oral or written settlement discussions since the filing of this action. If the parties cannot resolve this matter informally, they plan to pursue voluntary, private mediation pursuant to ADR Procedure No. 3 (Local Rule 16-15.4) before trial.

## XII. PRETRIAL CONFERENCE AND TRIAL

The parties propose that the deadline for the pretrial conference shall be 90 days after service of the summary judgment replies. The parties propose that the trial ready date shall be 14 days after the pretrial conference. See Exhibit 1.

## XIII. TRIAL ESTIMATE

At this time, the parties estimate that a trial will last 20 trial days but note that no discovery has been exchanged. At this time, the parties are unable to estimate the number of witnesses to be called.

## XIV. TRIAL COUNSEL

At the outset of the case, the parties expect that they will be represented by the following lead trial counsel:

        1.      **GENM**: John V. Berlinski of Kasowitz Benson Torres LLP.

        2.      **Fox**: Joseph M. Terry of Williams & Connolly LLP.

        3.      **Disney**: Steven A. Marenberg of Irell & Manella LLP

## XV. INDEPENDENT EXPERT OR MASTER

The parties agree that appointment of an independent scientific expert or a master, pursuant to Federal Rules of Civil Procedure 53, is not necessary at this time.

## XVI. OTHER ISSUES

        1.      <u>Complex Litigation.</u>

The parties agree that it is not necessary for the Court to utilize the procedures of the Manual For Complex Litigation.

        2.      <u>Bifurcation.</u>

The parties propose bifurcation of the issue of GENM's entitlement to punitive damages on its tort claims against 21CF and Disney.

        3.      <u>Non-English speaking witnesses.</u>

The parties anticipate that they may call certain witnesses who do not speak English and who will need to testify with the assistance of a translator.

        4.      <u>Discovery in foreign jurisdictions.</u>

GENM is based in Malaysia, and many of its consultants and vendors having relevant information are based in Asia and Europe. The parties therefore anticipate that discovery may implicate the laws of Malaysia and other foreign jurisdictions. In addition, many foreign third parties possess relevant information, and the parties expect that third-party discovery will require compliance with the Hague Convention and/or the issuance of letters rogatory.

| | |
|---|---|
| 1  DATED: March 7, 2019 | |
| 2 | |
| 3 | |
| 4 | _____ |
| 5 | John V. Berlinski |
|   | KASOWITZ BENSON TORRES LLP |
| 6 | *Attorneys for Plaintiff* |
| 7 | *Genting Malaysia Berhad* |
| 8  DATED: March 7, 2019 | |
| 9 | |
|   |     /s/ Joseph M. Terry |
| 10 | Joseph M. Terry |
| 11 | WILLIAMS & CONNOLLY LLP |
|    | *Attorneys for Fox Entertainment Group, LLC,* |
| 12 | *Twentieth Century Fox Film Corporation,* |
|    | *Twenty-First Century Fox, Inc., and FoxNext,* |
| 13 | *LLC* |
| 14 | |
|    DATED: March 7, 2019 | |
| 15 | |
| 16 |     /s/ Steven A. Marenberg |
|    | Steven A. Marenberg |
| 17 | IRELL & MANELLA LLP |
| 18 | *Attorneys for The Walt Disney Company* |

10
JOINT REPORT PURSUANT TO F.R.C.P. Rule 26(f)

**ATTESTATION OF AUTHORIZATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Joseph M. Terry, counsel for Fox Entertainment Group, LLC, Twentieth Century Fox Film Corp., Twenty-First Century Fox, Inc., FoxNext, LLC, and Steven A. Marenberg, counsel for the Walt Disney Company. I have obtained their authorization to affix their electronic signatures to this document.

DATED: March 7, 2019

_/s/ John V. Berlinski_

John V. Berlinski

# EXHIBIT 1

## Proposed Genting/Fox/Disney Discovery Schedule

| Deadline | Fox/Disney | Genting |
|---|---|---|
| RFPs Exchanged | 3/1/2019 | 3/1/2019 |
| Initial Disclosures | 4/8/2019 | 4/8/2019 |
| Productions Complete / Begin Party Depositions | 9/2/2019 | 2/28/2020 |
| End Date for Fact Discovery | 12/31/2019 | 7/31/2020 |
| Submission of Expert Reports on All Issues for Which Party Bears the Burden | 90 Days After Fact Discovery | |
| Responsive Expert Reports | 60 Days After Expert Reports | |
| Rebuttal Expert Reports | 30 Days After Responsive Reports | |
| Complete Expert Depositions | 45 Days After Rebuttal Reports | |
| Summary Judgment Motions | 45 Days After Expert Discovery | |
| Summary Judgment Oppositions | 45 Days After SJ Motions | |
| Summary Judgment Replies | 30 Days After SJ Oppositions | |
| Pretrial Conference | 90 Days After SJ Replies | |
| Trial Ready | 14 Days After Pretrial Conference | |